IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BALTER, | : | Civil Action – Law |
| | : | |
| Plaintiff(s) | : | Case No. 3:09-cv-1409 |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| MEDICAL DEVELOPMENT | : | |
| INTERNATIONAL LTD, INC. t/d/a | : | [ELECTRONICALLY FILED] |
| MDI GOVERNMENT HEALTHCARE | : | |
| SERVICES, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant(s) | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

1. At all times relevant to this matter Plaintiff Richard Balter was an inmate at the United States Penitentiary Allenwood, PO Box 3000, White Deer, PA 17887. Prior to his incarceration, Mr. Balter was a resident of New Jersey.

2. Defendants are the United States of America (hereinafter sometimes referred to as "USA") and Medical Development International Ltd, Inc. d/b/a MDI Government Healthcare Services (hereinafter sometimes referred to as "MDI").

3. Defendant Medical Development International Ltd, Inc., upon information and belief, is a Delaware corporation doing business in the Commonwealth of Pennsylvania.

4. MDI Government Healthcare Services, upon information and belief, is a fictitious name owned by Medical Development International Ltd, Inc., or, in the alternative, is a corporation incorporated in a state other than Pennsylvania or New Jersey.

5. Upon information and belief, Defendant Medical Development International Ltd, Inc. d/b/a MDI Government Healthcare Services provides medical scheduling services to the United States Penitentiary at Allenwood.

6. The Jurisdiction of the Court is based upon the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b) and 2671 et seq with respect to Defendant United States of America. With respect to Defendant Medical Development International Ltd. Inc. d/b/a Government Healthcare Services jurisdiction is based upon diversity of citizenship and an amount in controversy in excess of

$75,000, exclusive of interest and costs and is between citizens of different States, 28 U.S.C. § 1332.

7. On or about November 7, 2008, Plaintiff, in compliance with the FTCA, filed a claim against the Federal Bureau of Prisons (BOP) for damages arising from negligence committed by the employees, servants, agents, and/or ostensible agents of the BOP.

8. On or about May 8, 2009, Plaintiff received notice from the BOP that his claim had been denied.

9. This Complaint is filed within the six-month time period from the date of denial of the claim by the BOP pursuant to 28 U.S.C. §2401(b).

10. Venue is proper in the Middle District of Pennsylvania based on 28 U.S.C. §1402(b).

11. Mr. Balter has a history of macular degeneration in both eyes being treated by eye specialists David A. Lightman, M.D. and Roy E. Tuller, D.O.

12. In 1997, Mr. Balter lost central vision in his right eye.

13. On August 28, 2007, Mr. Balter was seen by Roy E. Tuller, D.O. who noted a stable retinal exam but with increased intraocular pressure (IOP) in the left eye and wrote that he wanted to re-examine Mr. Balter in ten weeks (by November 6, 2007).

14. Defendant United States of America and, upon information and belief, MDI, were made aware shortly after Mr. Balter's August 28, 2007, visit to Dr. Tuller, that Mr. Balter was to be reexamined by Dr. Tuller in ten (10) weeks.

15. Mr. Balter made oral and written requests to the prison staff asking to be seen by a specialist because his vision in his left eye was getting worse, he was squinting and he could suffer permanent vision loss if he was not seen by a specialist. Upon information and belief, this information was or should have been conveyed to Defendants.

16. Mr. Balter made requests for medical care.

17. Upon information and belief Defendants were made aware or should have been aware that Mr. Balter needed a medical appointment scheduled.

18. Upon information and belief Defendants were to deal directly with Mr. Balter to set an appointment and did not do so as requested, or, in the alternative, Defendant MDI and/or its employees were to deal with the prison authorities to set an appointment for Mr. Balter to be seen and did not do so as requested.

19. The prison and/or MDI either did not respond to Mr. Balter's requests or responded by telling him that he would be seen.

20. Mr. Balter made multiple verbal requests to be seen which were conveyed to employees of the United States of America and, upon information and belief, were conveyed or should have been conveyed to MDI.

21. When Mr. Balter was finally seen by David A. Lightman, M.D. on December 5, 2007, he was diagnosed with a new hemorrhage in his left eye and loss of central vision.

22. Mr. Balter's vision in his left eye is now 20/400 and he is legally blind.

23. The failure to ensure that Mr. Balter was seen promptly following his written and verbal requests increased the risk of harm to the vision in Mr. Balter's left eye.

24. Defendants had a duty to provide reasonable health care, including eye care, and/or to follow through, in a timely manner, to reasonable requests by health care providers or inmates.

## COUNT I
## RICHARD BALTER V. UNITED STATES OF AMERICA

25. The preceding paragraphs are incorporated herein by reference as though fully set forth.

26. The carelessness and negligence of Defendant, acting by and through its agents, ostensible agents, servants and/or employees consisted of the following:

a. Failure to have Plaintiff examined when he complained of vision problems and vision loss;

b. Failure to schedule Plaintiff for re-examination, as directed by Roy E. Tuller, D.O., ten weeks following his August 28, 2007, appointment;

c. Failure to conform to the requisite standard of reasonable medical care and skill under the circumstances and at the time with respect to Plaintiff;

d. Failure to provide and render reasonable medical care to Plaintiff under the circumstances;

e. Failure to properly select, train and supervise its agents, ostensible agents, servants and/or employees to assure Plaintiff reasonable treatment and care under the circumstances;

f. Failure to diagnose and treat Plaintiff appropriately and expeditiously;

g. Failure to utilize appropriate and requisite laboratory, hospital and consulting physicians in treating Plaintiff;

h. Failure to ensure inmates in the Federal Prison system received adequate health care.

     i. Failure to ensure inmates in the Federal Prison system received timely health care.

     j. Such other acts and/or omissions constituting carelessness, negligence and/or malpractice as may become evident during the course of discovery and/or at the trial of this action.

27. As a direct and proximate result of the conduct set forth, Plaintiff has suffered as follows:

     a. Loss of vision;

     b. Need for future medical care and treatment;

     c. Future financial loss including general medical expenses and bills;

     d. Future loss of wages and future lost wages;

     e. Past, present and future loss of life's pleasures;

     f. Past, present and future pain and suffering;

     g. Mental anguish, upset, humiliation and embarrassment; and

     h. Such other damages as are permitted by law or otherwise appear.

WHEREFORE Plaintiff demands judgment for a sum in excess of $75,000. exclusive of interest and costs to which Plaintiff is entitled.

## COUNT II
## RICHARD BALTER V. MEDICAL DEVELOPMENT INTERNATIONAL LTD, INC. d/b/a MDI GOVERNMENT HEALTHCARE SERVICES

28. The preceding paragraphs are incorporated herein by reference as though fully set forth.

29. MDI had a duty to Defendant United States of America and to Plaintiff to arrange timely medical appointments under the circumstances presented in the aforementioned paragraphs and failed or refused so to do.

30. The carelessness and negligence of Defendant, acting by and through its agents, ostensible agents, servants and/or employees consisted of the following:

   a. Failure to have Plaintiff examined when he complained of vision problems and vision loss;

   b. Failure to schedule Plaintiff for re-examination, as directed by Roy E. Tuller, D.O., ten weeks following his August 28, 2007, appointment;

   c. Failure to properly select, train and supervise its agents, ostensible agents, servants and/or employees to assure Plaintiff reasonable treatment and care under the circumstances; and

   d. Failure to ensure inmates in the Federal Prison system received adequate health care.

   e. Failure to ensure inmates in the Federal Prison system received timely health care.

  f. Failure to ensure inmates in the Federal Prison system were scheduled for timely follow up visits as requested by physicians;

  g. Failure to timely schedule medical appointments relating to Mr. Balter as requested

  h. Such other acts and/or omissions constituting carelessness, negligence and/or malpractice as may become evident during the course of discovery and/or at the trial of this action.

31. As a direct and proximate result of the conduct set forth, Plaintiff has suffered as follows:

  a. Loss of vision;

  b. Need for future medical care and treatment;

  c. Future financial loss including general medical expenses and bills;

  d. Future loss of wages and future lost wages;

  e. Past, present and future loss of life's pleasures;

  f. Past, present and future pain and suffering;

  g. Mental anguish, upset, humiliation and embarrassment; and

      h.    Such other damages as are permitted by law or otherwise appear.

WHEREFORE Plaintiff demands judgment for a sum in excess of $75,000. exclusive of interest and costs to which Plaintiff is entitled.

                RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                WATERS & WAFFENSCHMIDT


                s/Clifford A. Rieders, Esquire
                Clifford A. Rieders, Esquire  PA 20962
                C. Scott Waters, Esquire  PA 44181
                Attorneys for Plaintiff
                161 West Third Street
                Williamsport, PA 17701
                Phone: (570) 567-1025
                Fax: (570) 567-1025
                Email: crieders@riederstravis.com