IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BALTER,<br>Plaintiff | : | No. 3:09cv1409 |
| v. | : | (Judge Munley)<br>(Magistrate Judge Mannion) |
| UNITED STATES OF AMERICA and MEDICAL DEVELOPMENT INTERNATIONAL, LTD., INC.,<br>Defendants | : | |

## MEMORANDUM

Before the court are Plaintiff Richard Balter's objections (Doc. 38) to the Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 37) which proposes that we deny the plaintiff's motion for a Bureau of Prisons placement in the Middle District of Pennsylvania (Doc. 30). The objections have been fully briefed and are ripe for disposition.

## BACKGROUND

Plaintiff Richard Balter ("Plaintiff"), through counsel, initiated the instant action on July 20, 2009, in which he alleges that the defendants were negligent in providing medical treatment for his macular degeneration. As a result, the Plaintiff alleges that he is legally blind in his left eye. (Doc. No. 1). An amended complaint was subsequently filed on September 11, 2009. (Doc. No. 7). The Plaintiff filed a second amended complaint on December 4, 2009. (Doc. No. 26). Defendants the United States and Medical Development International Ltd., Inc. filed answers to the second amended complaint, on December 18, 2009. (Docs. No. 28, 29).

On January 5, 2010, counsel for the plaintiff filed a motion indicating that the Plaintiff has been informed that he will be transferred out of USP-Allenwood in the near future. Counsel seeks an injunction directing the Bureau of Prisons ("BOP") to place the Plaintiff in a facility within the

Middle District of Pennsylvania to permit the Plaintiff contact with his current treating physicians and his counsel. (Doc. No. 30). Plaintiff's counsel argued that the Plaintiff has developed a relationship of trust with his treating physicians, with whom he has treated since 2003, and that they are familiar with his ongoing medical condition. In addition, counsel argues that the instant litigation is fact intensive which requires the Plaintiff to have access to meet, confer and consult with his counsel. Counsel also argues that an injunction is necessary to "prevent the BOP from reaping the reward of conduct that could give rise to a retaliation claim."

On January 21, 2010, Magistrate Judge Mannion issued a Report and Recommendation recommending that the court deny the Plaintiff's motion. (Doc. 37). The Plaintiff filed objections on February 4, 2010. (Doc. 38). The objections are fully briefed, bringing the case to its present posture.

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and recommendation, we make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. We may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**DISCUSSION**

In considering a motion for injunctive relief, the district court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm

to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir. 2000).

The Supreme Court has instructed that injunctive relief should be reserved for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3d Cir. 1940). Further, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corporation, 204 F.3d 475, 487 (3d Cir. 2000) (citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Frank's GMC Truck Center v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988)).

**1. Probability of Success on the Merits**

Judge Mannion reasoned that it is too early in the litigation– without the benefit of medical expert testimony– to determine whether the Plaintiff will likely prevail on the merits. (Doc. 37 at 4). The Plaintiff objects, arguing that in order to demonstrate a reasonable probability of success on the merits he need only establish a *prima facie* negligence claim. See Punnett v. Carter, 621 F.2d 587, 583 (3d Cir. 1980) ("It is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." (citation and quotations omitted)). We agree with the Plaintiff that,

3

in the preliminary injunction context, he need have only established a *prima facie* case of negligence to have a likelihood of success on the merits.[1] Accordingly, we find, for purposes of this motion, that the Plaintiff has established a likelihood of success on the merits and that this factor weighs in favor of granting his motion for a preliminary injunction.

### 2. Irreparable Harm to Movant

Judge Mannion declined to credit the Plaintiff's argument that he would suffer irreparable harm if transferred outside of the district, noting that, in order to obtain injunctive relief, the risk of irreparable harm must not be speculative. See Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000). Judge Mannion refused to assume that BOP medical staff at another facility would give a lower standard of care to the Plaintiff. We agree with the Magistrate Judge. While permanent loss of vision certainly qualifies as an irreparable harm, too many contingent assumptions are associated with the Plaintiff's argument. See Gause v. Perkins, 3 Jones Eq. 177, 69 Am. Dec. 728 (1857) (Irreparable injury "is that which cannot be repaired, retrieved, put down again, atoned for. . . ."). The Plaintiff is concerned that his relocation will break the continuity of his medical care and that his current physicians are familiar with his condition and would be better able to respond to an emergency. We conclude, as Judge Mannion did, that these concerns are too speculative. There is no particular reason to believe that, even if the Plaintiff had such an emergency, the Plaintiff's current physicians are better qualified than other doctors in the BOP system.

---

[1] We need not analyze the elements of the Plaintiff's negligence claim in detail, because, even assuming *arguendo* that he has proved the likelihood of success on the merits, the balance of the remaining factors favor the defendants.

4

Similarly, we agree with the Magistrate Judge that the added difficulty of meeting with his attorney outside this district does not constitute an irreparable injury. Such a separation may be an inconvenience– one which many litigants face– but one that can be overcome with additional effort, disqualifying it from 'irreparable injury' status.[2] Accordingly, we find that the second factor weighs in favor of the defendants, as the Plaintiff has not carried his burden of showing a likelihood of irreparable injury.

**3. Harm to Nonmoving Party[3]**

Judge Mannion found that granting a preliminary injunction would harm the defendants by interfering with the BOP's discretion to determine inmate housing. See 18 U.S.C. § 3621(b); Moody v. Daggett, 429 U.S. 78, 88 (1976). The Plaintiff objects, arguing that his transfer is not based soley on the BOP's discretion to transfer him for security reasons, but rather is in retaliation for filing this lawsuit.[4] We agree with the Magistrate Judge that the BOP would be harmed by an order of this court imposing restrictions on where it can house its inmates. Accordingly, we find that this factor weighs in favor of the defendants.

---

[2] We also note that Judge Mannion indicated a willingness to extend discovery deadlines, to the extent that the Plaintiff so requires.

[3] The Third Circuit, in AT & T v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994) indicated that the third and fourth factors need only be examined when appropriate, we find it necessary to do so, given that we have assumed that the Plaintiff has established a probability of success on the merits.

[4] As Judge Mannion pointed out in his Report and Recommendation, the Plaintiff's claim of retaliation is not directly relevant to whether the BOP would suffer harm if an injunction is granted in the Plaintiff's favor. That claim may be better suited to an independent civil rights action.

5

### 4. Public Interest

Finally, Judge Mannion determined that, in the totality, the public interest would best be served by denying the Plaintiff's request for injunctive relief. The Plaintiff's interests in obtaining injunctive relief are based on his preference for certain medical personnel and greater access to his attorney and greater ease in conducting litigation, generally. While the public has an interest in seeing that prisoners receive medical attention and have access to their attorneys, the Plaintiff's transfer does not rob them of these interests. Rather, his transfer means that he has access to other doctors with whom he has not yet established a trusting relationship and that he and his lawyer must expend more effort in order to meet with one another. Thus, the Plaintiff's interests in this case are largely personal. The defendants' interest, on the other hand, is the BOP's institutional interest in its discretion to house inmates as required. This interest– which involves the need to make and apply general rules and account for the safety of both its prisoners and the public at large– is more properly defined as a public interest. Accordingly, the public interest in this case favors the denial of the Plaintiff's request for a preliminary injunction.

Balancing these four factors, we find that even assuming that the plaintiff can prove a *prima facie* case and has thus established a likelihood of success on the merits, the remaining factors favor denying the Plaintiff's request for a preliminary injunction. Specifically, the Plaintiff can point only to a speculative future injury. On the other hand, granting the Plaintiff's motion would interfere with the BOP's discretion to place its inmates in accordance with its institutional needs. Finally, the public interest would best be served in this case by denying the Plaintiff's request. Having balanced these factors, we determine that the Plaintiff's request for a preliminary injunction should be denied.

**CONCLUSION**

    For these reasons the Report and Recommendation will be adopted and the Plaintiff's request for a preliminary injunction will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD BALTER, | : | No. 3:09cv1409 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| UNITED STATES OF AMERICA | : | |
| and MEDICAL DEVELOPMENT | : | |
| INTERNATIONAL, LTD., INC., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this __8th__ day of October, upon consideration of Plaintiff Richer Balter's objections (Doc. 38) to the Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 37), it is HEREBY **ORDERED** that

1. The Plaintiff's Objections (Doc. 38) are HEREBY **OVERRULED**,
2. The Report and Recommendation (Doc. 37) is HEREBY **ADOPTED**,
3. The Plaintiff's motion for a Bureau of Prisons placement in the Middle District of Pennsylvania (Doc. 30) is HEREBY **DENIED**, and
4. The Clerk of Court is directed to remand this case to Magistrate Judge Mannion.

                                          **BY THE COURT:**

                                          s/ James M. Munley
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**