IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD BALTER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | 3:09-cv-1409 |
| : | (JUDGE MARIANI) |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant.** : | |

## VERDICT

The Court finds that Plaintiff has established the following by a preponderance of the evidence:

1. That the failure of both the United States Government ("the Government") and Medical Development International Ltd., Inc. ("MDI") to schedule Plaintiff Richard Balter ("Mr. Balter") for his follow-up examination with Dr. Tuller within the period of time prescribed by Dr. Tuller for such follow-up examination, or within a reasonable period of time thereafter, constitutes negligent conduct under principles of ordinary negligence;

2. That the Government was negligent in failing to arrange for Mr. Balter to be seen at USP Allenwood by one of the two optometrists who came there on November 7, 14 and 22 and by removing him from the automatic call-out list;

3. That such negligence on the part of both the Government and MDI increased the risk of harm to Mr. Balter;

4. That such negligence on the part of both the Government and MDI was a factual cause of the hemorrhage that Mr. Balter sustained on December 5, 2007; and

5. That Mr. Balter was not comparatively negligent.

Consistent with these findings, the Court awards Mr. Balter the following damages:

1. For the failure of the Government and MDI to timely schedule Mr. Balter for his follow-up examination:

    $250,000.00, attributed as follows:

    MDI: $125,000.00

    Government: $125,000.00; and

2. For the failure of the Government to arrange for Balter to be seen by one of the two optometrists who visited USP Allenwood in November 2007 and by removing him from the automatic call-out list:

    $400,000.00.

Date: April 7, 2014

By the Court:

_____
Robert D. Mariani
United States District Judge